| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | UNITED STATES DISTRICT COURT |
| 5 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| SQUARE 1 BANK, | ) | Case Number: C 12-5595 JSC |
| | ) | |
| Plaintiff, | ) | Date:   May 30, 2013 |
| | ) | Time:   1:30 p.m. |
| | ) | Ctrm:   F |
| vs. | ) | |
| | ) | |
| HENRY LO, an individual; and | ) | |
| ABSOLUTELYNEW, INC., a California | ) | JOINT CASE MANAGEMENT |
| corporation, | ) | STATEMENT & [PROPOSED] ORDER |
| | ) | |
| Defendants. | ) | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332(a), which confers subject matter jurisdiction on the United States District Court in all cases in which there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Square 1 Bank ("Plaintiff") is a citizen of the State of North Carolina. Venue is properly laid in this Court pursuant to 28 U.S.C. Section 1391(a), as defendant Henry Lo ("Lo") is a resident of the County of San Francisco, and the principal place

*Form updated May 2013*

of business of defendant AbsolutelyNew, Inc. ("ANI") is located in the County of San Francisco. All defendants have been served and all parties have appeared.

2. Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff alleges that it made loans to ANI and obtained a security interest in all of ANI's personal property. It alleges that loans have not been paid in full, and as of October 31, 2012 the sum of at least $4,612,310.63 was due, owing and unpaid. Plaintiff alleges that ANI and Lo made representations concerning ANI's financial condition that induced Plaintiff to make loans to ANI, the representations were not true, and had those representations not been made Plaintiff would not have made the loans to ANI. Plaintiff further alleges that Lo caused ANI funds to be used for purposes other than ANI's business and that Lo thereby incurred obligations to ANI in the amount of those funds, which obligations Plaintiff claims the right to enforce based on its security interest in ANI's personal property. Plaintiff disputes Lo's statements and contentions below.

Lo claims that some of the monies Plaintiff seeks involve time periods before Plaintiff's loan was made to ANI. Lo further claims that (i) most if not all of these monies involve Lo's payment of legitimate ANI debt arising as a result of activities of IPR, (ii) IPR was ANI's predecessor company, and (iii) ANI was legally obligated to pay IPR's debts.

Lo claims he made no misrepresentations to Plaintiff, that Plaintiff relied on its own due diligence and also on its relationship with, and representations by, AbsolutelyNew Holdings, Inc. ("ANI Holdings") and the investment firm funding ANI Holdings, Artiman Ventures. ANI Holdings is the holding company owning ANI.

As to alleged post-loan monies of ANI withdrawn by Lo, Lo admits taking reimbursement for deposits he had personally made and guaranteed with ANI's merchant bank, and for payroll

*Form updated May 2013*

taxes for which he was liable as the CFO of IPR and ANI, and which ANI and its predecessor IPR had never paid and were not intending to pay.

ANI disputes Lo's statements above.

3. <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff contends that it has the right not only to collect the loan obligations it claims due and owing from ANI but that Lo is also responsible for the entire amount unpaid because Plaintiff would not have made the loans to ANI but for the alleged misrepresentations of ANI's financial condition. Plaintiff further contends that Lo has a contractual or quasi-contractual obligation to repay the ANI funds that he allegedly caused to be used for purposes other than ANI's business (*see, e.g.*, <u>Branche v. Hetzel</u>, 241 Cal. App. 2d 801, 807 (1996)) and that Plaintiff, based on its security interest in ANI's assets and its rights under the loan agreement, Article 9 of the Uniform Commercial Code, and other applicable law, is entitled to enforce and collect Lo's obligations.

Lo claims that as a successor corporation to IPR, ANI was liable as IPR's successor for the debts of IPR. In response to Lo's statements above, ANI respectfully refers the Court to the last paragraph of section 2, above.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

Plaintiff anticipates filing and/or reserves the right to file an application for attachment against Lo and a motion for summary judgment and/or summary adjudication.

## 5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

At this time Plaintiff does not expect to amend its First Amended Complaint or to add or dismiss any party. ANI does not anticipate amending its answer to the First Amended Complaint but it reserves its right to do so if, during the course of the preparation of its case, it determines that doing so is necessary or advisable.

## 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have agreed that documents will be produced in electronic format as appropriate, with the particular format to be agreed upon by the parties at or before the time of production based upon the type of material to be produced.

## 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties intend to make their initial disclosures on or before May 31, 2013.

## 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Discovery has not yet commenced. The parties at this time anticipate propounding written discovery and taking depositions and do not intend to limit or modify discovery rights, except that the parties agree that any privileged attorney-client communications in the course of this litigation do not need to be listed on a privilege log. They respectfully request that completion and approval of a formal discovery plan occur at the continued case management conference as set forth in paragraph 17, below.

*Form updated May 2013*

## 9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

## 10. Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

None.

## 11. Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks damages according to proof, in the sum of at least $4,612,310.63 as of October 31, 2012, based on the amount due, owing and unpaid on its loans to ADI and for which damages Plaintiff alleges that both ANI and Lo are responsible. Alternative sums of damages alleged in Plaintiff's First Amended Complaint are based on amounts of ANI funds that Plaintiff alleges were used for purposes other than ANI's business.

## 12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties agree that this matter should be submitted to private mediation.

## 13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   _X_ YES   ____ NO

## 14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

*Form updated May 2013*

The parties agree that no such reference is necessary at this time.

### 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties may be able to stipulate to basic facts concerning, among other things, Plaintiff's loan agreement with ANI.

### 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not agree to the Expedited Trial Procedure.

### 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose that the Case Management Conference be continued for a period of approximately 120 days to allow the parties time to schedule private mediation, without limiting the parties' rights to conduct discovery. The parties anticipate that written discovery and depositions will proceed for a period of approximately six to nine months, with expert witness designation and dispositive motions to follow thereafter. They respectfully request that completion and approval of a formal discovery plan occur at the continued case management conference.

### 18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has demanded trial by jury.

*Form updated May 2013*

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

To the extent that the parties have not filed separate Certifications of Interested Entities or Persons they will do so. The entities and persons, other than the named parties herein, listed or to be listed on such Certifications include: AbsolutelyNew Holdings, Inc.; Artiman Ventures.

20. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties are not aware of any such other matters at this time.

Dated: May 23, 2013          /s/ Mark D. Hurwitz
                             _____
                             Mark D. Hurwitz
                             Counsel for Plaintiff Square 1 Bank

Dated: May 23, 2013          /s/ John S. Claassen
                             _____
                             John S. Claassen
                             Counsel for Defendant AbsolutelyNew, Inc.

Dated: May 23, 2013          /s/ John O'Connor
                             _____
                             John O'Connor
                             Counsel for Defendant Henry Lo

*Form updated May 2013*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

                                            UNITED STATES DISTRICT/MAGISTRATE JUDGE

29573

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

On May 23, 2013, I served the following documents described as: JOINT **CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** on the interested parties in this action as follows:

John Claassen, Esq.
CLAASSEN, Professional Corporation
1970 Broadway, Suite 525
Oakland, CA 94612
Email: john@claassenlegal.com

John O'Connor, Esq.
O'Connor and Associates
201 Mission Street, Suite 710
San Francisco, CA 94105
Email: john@joclaw.com

☒ By Service of Court via Notice of Electronic Filing ("NEF") Pursuant to controlling General Order(s), the foregoing document will be served by the Court via NEF and hyperlink to the document. I checked the CM/ECF docket for this action and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated above.

☒ **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed May 23, 2013, at Los Angeles, California.

_____
Heidi Petrilli