IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SQUARE 1 BANK,<br><br>        Plaintiff,<br><br>   v.<br><br>HENRY LO, and ABSOLUTELY NEW, INC.,<br><br>        Defendants. | Case No.: C-12-05595 JSC<br><br>**ORDER RE: EVIDENTIARY OBJECTIONS** |

Now pending before this Court is Plaintiff Square 1 Bank's application for writ of attachment in the amount of $1,750,617.42 against Defendant Henry Lo. (Dkt. No. 36.) During the hearing on Plaintiff's application, the parties stated that additional evidence may be required to supplement the current record, but that it would be helpful if the Court were to rule on the parties' evidentiary objections prior to any submission of supplemental materials. (*See* Dkt. Nos. 48 & 50.) The Court agrees. The Court accordingly rules on the parties' evidentiary objections as set out below.

The Court notes at the outset that, given both parties' numerous boilerplate objections to virtually every sentence and exhibit offered by opposing declarants, this Order does not attempt to address every objection. Instead, the Order addresses only those objections that either appear

particularly relevant to the underlying application or can be considered together, or both.  This approach is particularly appropriate since the vast majority of the parties' evidentiary objections are not included within the opposition and reply briefs as required by the Local Rules.  *See* N.D. Cal. Civ. L.R. 7-3(a) ("Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum."), (c) ("Any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum.").  Thus, rather than reject the parties' evidentiary objections for non-compliance with the Local Rules, the Court will forgive the parties' violations and address only particular objections, as described above.

## DISCUSSION

**A.     Lo's Objections to the Balakrishnan Declaration**

Lo objects generally to many statements in the declaration of Bala Balakrishnan on the ground that Balakrishnan lacks personal knowledge of the facts to which he testifies.  The Court agrees in part.

Balakrishnan states that he is the Senior Manager of OutForce LLC ("OutForce") as well as the Interim Chief Executive Officer (Consulting) of Absolutely New, Inc. ("ANI").  (Dkt. No. 37 ¶ 1.) He further states that since May 2011 he has been "personally involved in the review and analysis of ANI's books and records."  (Id. at ¶ 3.)  Given Balakrishnan's testimony as to his personal knowledge of ANI's books and records, his testimony as to what documents he discovered within ANI's books and records is admissible.  *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.")  Given his personal knowledge, Balakrishnan's statements that ANI "did not receive any benefit" from Lo's alleged transactions are also admissible.  (*See, e.g.*, Dkt. No. 37 ¶ 10.)  Lo fails to persuade the Court that this testimony is inadmissible under Rule 701, as Lo has not explained why Balakrishnan's review of ANI's books and records requires "specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).  The bulk of Lo's arguments go to the weight the Court should assign Balakrishnan's testimony, not to the testimony's admissibility.

1    While Balakrishnan's current position at ANI gives him personal knowledge as to ANI's
2 books and records, Balakrishnan's declaration provides no basis for his personal knowledge as to
3 whether third-parties ever received the payments Lo was supposedly making.  (*See, e.g.*, Dkt. No. 37
4 ¶¶ 20 ("I learned in or about May 2012 that the City never received any of the funds or proceeds from
5 the City Cashier's Checks."), 33 ("I learned in or about May 2012 that the IRS never received any of
6 the PayPal Payments or proceeds thereof.").)   Further, to the extent Balakrishnan's knowledge
7 regarding benefits to third-parties is based on the assertions of out-of-court declarants, Balakrishnan's
8 statements on the topic would be hearsay since the assertions are offered for their truth and they do
9 not fall within any exception to the hearsay rule.  *See* Fed. R. Evid. 802.

10    For the same reasons, Balakrishnan's statements as to whether ANI authorized Lo's
11 transactions are inadmissible to the extent those transactions occurred prior to Balakrishnan's
12 association with ANI.  Balakrishnan provides no basis for his personal knowledge of ANI's actions
13 before he became involved with ANI.  Nor does he explain why ANI's books and records would
14 reflect whether a particular transaction was authorized by ANI.

15    Lo also objects to the numerous checks attached to Balakrishnan's declaration on the ground
16 that the checks are not properly authenticated.  Those objections are overruled.  As provided in
17 Federal Rule of Evidence 902(9), "[c]ommercial paper, a signature on it, and related documents, to
18 the extent allowed by general commercial law," are self-authenticating and require no extrinsic
19 evidence of authenticity.  *See also United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) ("As a
20 negotiable instrument, a check is a species of commercial paper, and therefore self-authenticating.");
21 *In re Maui Indus. Loan & Fin. Co., Inc.*, 2013 WL 2897792, at *3 (D. Haw. June 13, 2013) ("The
22 checks . . . fall squarely within Rule 902(9)."); *see also* Fed. R. Evid. 1003 ("A duplicate is admissible
23 to the same extent as the original unless a genuine question is raised about the original's authenticity
24 or the circumstances make it unfair to admit the duplicate.").  Further, Balakrishnan testifies that he is
25 "familiar" with Lo's signature through his involvement with ANI, and testifies that the signatures on
26 the checks are Lo's.  (Dkt. No. 37 ¶ 8); *see also* Fed. R. Evid. 901(b)(2) (stating that a document can
27 be authenticated by "[n]onexpert opinion as to the genuineness of handwriting, based upon familiarity
28 not acquired for purposes of the litigation").  However, Balakrishnan provides no similar testimony as

3

to the handwriting on at least some of the checks that note that the check was "not used for original purpose." (*See* Dkt. No. 36 ¶ 9.)  Thus, the checks are inadmissible to the extent they are offered to show that the handwritten notes on the checks were written by Lo; they are, however, admissible to show that the notations exist.

Finally, Paragraph 15 of the Balakrishnan declaration is inadmissible as the statements therein are based on hearsay.  Specifically, Balakrishnan testifies as to what Wells Fargo told ANI CEO Richard Donat and OutForce Accountant Subhash Tibrewal regarding ANI's Wells Fargo account and IRS notices.  Because those statements—both Wells Fargo's assertions to Donat and Tibrewal as well as Donat's and Tibrewal's subsequent re-telling of those assertions to Balakrishnan—are made by out-of-court declarants and are offered by Balakrishnan for their truth, the statements constitute inadmissible hearsay not covered by any exception.

## B.   Square 1's Objections to Lo's Declaration

While Square 1's objections to Lo's declaration rely almost entirely on boilerplate recitations of the Federal Rules of Evidence, Square 1 appears to assert in its reply brief that Lo's declaration is inadmissible because, among other things, "Lo makes conclusory and generic statements that ANI approved or was aware of his transactions, but he does not present a single document, or even a single statement by ANI personnel, demonstrating that ANI actually approved any of the transactions involving Misdirected ANI Funds." (Dkt. No. 49 at 10-11.)  This objection is overruled.  To the extent Lo's testimony is "conclusory" or "generic," those qualities would go to the weight given to his testimony, not its admissibility.  The same is true for the asserted lack of evidence corroborating his testimony.

Further, Lo's statements throughout his declaration as to what ANI or ANI employees/management/representatives told him are not hearsay; rather, they are statements of an opposing party.  *See* Fed. R. Evid. 801(d)(2).  Although ANI is actually Lo's co-defendant in this suit, Square 1's quasi-contract claim underlying its application for writ of attachment is brought in place of ANI.  In other words, for purposes of Square 1's quasi-contract claim underlying its application, Lo's "opposing party" is ANI.

At the hearing, Square 1 emphasized that Lo's testimony as to providing loans to ANI was inadmissible under the best evidence rule. Under the best evidence rule, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. The best evidence rule applies when secondary evidence, either oral or written, is offered to prove the content of writing without producing the physical item itself. *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). Defendants' best evidence rule objections are overruled as Lo's testimony is either not submitted to prove the contents of a writing or the writings that Lo does reference are attached to his declaration. (*See* Dkt. No. 42-19.) For instance, Square 1 objects to Lo's testimony that ANI promised him repayment on his loans and that ANI implicitly agreed that Lo could personally retrieve the money owing to him. The best evidence rule, however, is inapplicable because Lo does not testify that these agreements were necessarily written down; in other words, his testimony is not offered to prove the contents of a writing. In addition, where Lo testifies to writing a check to ANI, copies of those checks are attached as exhibits. (*Id.*) To the extent Square 1 objects to the submission of a copy of a check rather than the original, Square 1 has not raised a "genuine question" as to the original's authenticity or explained the circumstances under which it is unfair to admit the duplicate, as required by Rule 1003. *See* Fed. R. Evid. 1003 ("A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.")

Finally, the Court notes that Lo attaches to his declaration some documents to corroborate his testimony that ANI agreed to repay him for his cash advancements; however, at least some of these documents contain signatures of ANI employees that are unauthenticated. (See Dkt. No. 42-19 at 1-2, 7.) Thus, to the extent Lo submits these documents to show that particular ANI employees signed them, those documents are inadmissible. *See* Fed. R. Evid. 901(b)(2) (stating that a document can be authenticated by "[n]onexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation").

**C.     Square 1's Objections to the Remaining Declarations**

The Court overrules Square 1's objections to the declaration of John Fagundes, who "observed treasury and daily accounting operations practices of both [ANI and IPR]." (Dkt. No. 43 ¶ 1 (stating

his position at ANI as "Financial Planning and Analysis Manager," and his position at IPR as "Senior Financial Analyst").) His testimony as to his observations and understanding of ANI's financial practices during his employment are based on his personal knowledge gained from his position as Senior Financial Analyst. As with many of its objections to Lo's declaration, Square 1's objections to the Fagundes declaration largely go to the weight given to the testimony, not its admissibility.

The same is true in regards to the declaration of Susan Wei, who was "in the accounting department and responsible for payroll and management of the ledger" for ANI and IPR. (Dkt. No. 44 ¶ 1.) However, Ms. Wei's bald statement that former ANI CEO Richard Donat "was aware" of Lo's actions is inadmissible as Ms. Wei provides no explanation as to why she has personal knowledge of Mr. Donat's awareness. (*Id.* ¶ 5.)

Finally, and for the same reasons stated above, the declaration of Walter Thill, ANI's former controller, is admissible in its entirety.

## CONCLUSION

In light of the evidentiary rulings above, Square 1 shall notify the Court on or before noon on Friday, December 20, 2013 as to whether it wishes the Court to take its application for writ of attachment under submission based on the current record.

IT IS SO ORDERED.

Dated: December 18, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE