IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SQUARE 1 BANK,<br><br>        Plaintiff,<br><br>   v.<br><br>HENRY LO, and ABSOLUTELY NEW, INC.,<br><br>        Defendants. | Case No.: C-12-05595 JSC<br><br>**ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT (Dkt. No. 52)** |

Now pending before the Court is Defendant Absolutely New, Inc.'s ("ANI") motion for good faith settlement pursuant to California Code of Civil Procedure Section 877. (Dkt. No. 52.) No party has objected to the motion. After carefully considering the filings in this case, the Court GRANTS the motion. The Court further VACATES the hearing on the motion scheduled for January 9, 2014.

**LEGAL STANDARD**

California Code of Civil Procedure Section 877.6 permits a court to approve a settlement if it determines that the settlement was made in good faith. *See* Cal. Code Civ. P. § 877.6; *see also Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while the "section

1  877.6 procedures do not govern a federal action . . . the substantive provisions . . . are applicable").
2  A finding of good faith settlement between a plaintiff and "one or more of a number of tortfeasors
3  claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to
4  contribution rights," releases the settling defendant "from all liability for any contribution to any
5  other parties." Cal. Civ. Code § 877(b).  While the settlement does not discharge any other party
6  from liability, unless its terms so provide, "it shall reduce the claims against the others in the amount
7  stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for
8  it, whichever is the greater." *Id.* at § 877(a).  Section 877.6(a)(1) further provides that a
9  determination of good faith settlement within the meaning of the statute applies only to "any party to
10 an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a
11 contract debt." *See Forman v. Gov't Emps. Ins. Co.*, 920 F. Supp. 1065, 1066 (N.D. Cal. 1996).

12  Section 877.6 reflects "two major goals": "the equitable sharing of costs among the parties at
13 fault and the encouragement of settlements." *Abbott Ford, Inc. v. Superior Court*, 43 Cal. 3d 858, 872
14 (1987).  A good faith examination enables the court "to inquire, among other things, whether the
15 amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share
16 of comparative liability for the plaintiff's injuries." *Tech–Bilt, Inc. v. Woodward–Clyde & Assoc.*, 38
17 Cal. 3d 488, 499 (1985).  When making a determination that a settlement was made in good faith
18 under section 877.6(a)(1), "the intent and policies underlying section 877.6 require that a number of
19 factors be taken into account:" (1) a rough approximation of the plaintiff's total recovery and the
20 settlor's proportional liability; (2) the amount paid in settlement; (3) the allocation of settlement
21 proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he
22 would if he were found liable after trial; (5) the financial conditions and insurance policy limits of the
23 settling tortfeasor; and (6) the existence of collusion, fraud or tortious conduct intended to injure the
24 interests of the non-settling parties. *See id.* "Practical considerations" require that the evaluation "be
25 made on the basis of the information available at the time of settlement[,] and a defendant's settlement
26 figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement,
27 would estimate the settling defendant's liability to be." *Id.* (internal citation omitted).
28

## DISCUSSION

As an initial matter, Section 877.6's requirement that the action comprise allegations regarding joint tortfeasors and/or co-obligors on a contract debt is satisfied here. Plaintiff Square 1 Bank's Amended Complaint asserts three tort claims against both ANI and Defendant Henry Lo. (*See* Dkt. No. 8 at ¶¶ 38-41 (second claim: negligence against ANI and Lo), 42-46 (third claim: impairment of collateral against ANI and Lo), 47-54 (negligent misrepresentation against ANI and Lo).) Thus, ANI is a "party to an action in which it is alleged that two or more parties are joint tortfeasors." Cal. Code Civ. P. § 877.6(a)(1).

Turning to the terms of the settlement and the application of the *Tech-Bilt* factors, the Court finds that those factors favor approval of the settlement agreement. The terms of the settlement agreement, among others, are: a mutual release and waiver under California Civil Code Section 1542, dismissal of Plaintiff's Amended Complaint as to ANI with prejudice, and payment of $450,000 from ANI's insurer, National Union Fire Insurance Co., to Plaintiff. (*See* Dkt. No. 52-1.)

ANI's insurer's payment of $450,000 is consistent with a rough approximation of Plaintiff's total recovery and ANI's proportional liability. The Amended Complaint alleges that Defendants' tortious actions caused damages in excess of $5,500,000. The motion states that Plaintiff made an initial demand on ANI of $975,000, but after mediation held before JAMS mediator Craig Meredith, the parties settled on $450,000. ANI contends that this is a fair approximation of its proportional liability because Defendant Lo, ANI's former Chief Financial Officer, is the one ultimately responsible for squandering ANI's funds and concealing that fact from Plaintiff. Although the Court makes no definitive determination concerning asset management at ANI, Defendant Lo's admitted expenditure of ANI funds for personal use supports ANI's contention that, at least for purposes of Section 877.6, Defendant Lo is primarily responsible for Plaintiff's damages arising out of the alleged tortious conduct. This *Tech-Bilt* factor is accordingly satisfied.

The Court also notes that, in regards to the fifth factor—the financial conditions and insurance policy limits of the settling tortfeasor—ANI asserts that it has no assets or employees and that its insurance policy is limited to $1,000,000. (Dkt. No. 52-1 ¶¶ 3-4.) Considering that ANI has no money to contribute to the settlement, and in light of its insurer's decision to contribute

approximately half of the policy limit, the Court concludes that this factor supports a determination of a good faith settlement.

The Court further finds that none of the other *Tech-Bilt* factors weigh against finding a good faith settlement. There is no evidence of collusion, fraud or tortious conduct between Plaintiff and ANI.

**CONCLUSION**

For the reasons stated, the Court GRANTS the unopposed motion for good faith settlement.

IT IS SO ORDERED.

Dated: January 6, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE