UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SQUARE 1 BANK,<br><br>           Plaintiff,<br><br>     v.<br><br>HENRY LO,<br><br>           Defendant. | Case No. 12-cv-05595-JSC<br><br>**ORDER GRANTING DEFENDANT HENRY LO'S MOTION FOR LEAVE TO FILE 1) AMENDED ANSWER, AND 2) THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. No. 64 |

Now pending before the Court is Defendant Henry Lo's ("Lo") motion for leave to file 1) an amended answer, and 2) a third-party complaint. (Dkt. No. 64.) After carefully considering the parties' submissions, and having had the benefit of oral argument on March 20, 2014, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff Square 1 Bank ("Square 1") brought this action against Lo and AbsolutelyNew, Inc. ("ANI"), seeking to recover over $4,000,000 due on a defaulted promissory note. Square 1 alleges that Lo, ANI's former Chief Financial Officer, used the funds from the note for his own personal use. Lo has denied that he misdirected any funds, and contends that any withdrawals from ANI were for the benefit of ANI.

At the end of 2013, the Court granted ANI's motion for good faith settlement pursuant to California Code of Civil Procedure Section 877.6. (Dkt. No. 61.) Square 1 subsequently dismissed ANI from this case. (Dkt. No. 63.) Shortly thereafter, Lo filed the present motion, seeking to allege claims against ANI, AbsolutelyNew Holdings, Inc. ("Holdings"), Artiman Ventures, L.P. ("Artiman"), and Amit Shah ("Shah"). (Dkt. No. 65-2.) Specifically, the proposed third-party complaint contains six claims: 1) equitable indemnity (against Holdings and Artiman);

2) express written indemnity (against Holdings and Artiman); 3) declaratory relief (against Holdings and Artiman); 4) defamation (against ANI, Holdings, Artiman, and Shah); 5) tortious interference with contract (against Holdings, Artiman, and Shah); 6) Fraud (against ANI, Holdings, Artiman, and Shah).

Although the case was filed in 2012, little—if any—discovery has been initiated, and no scheduling order has been issued.

**DISCUSSION**

**A.     Motion to Amend the Answer**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal . . . a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971).

Square 1's opposition to Lo's motion does not clearly distinguish between Lo's request to amend his answer and his request to file a third-party complaint. Nevertheless, the Court discerns that Square 1's only objection to the motion to amend the answer is that Lo unduly delayed in bringing the motion. Because "[u]ndue delay cannot alone justify the denial of a motion to amend," *Owens*, 244 F.3d at 712-13, and Square 1 identifies no other reason to deny the motion, the motion to amend is GRANTED.

**B.     Motion to File Third-Party Complaint**

Federal Rule of Civil Procedure 14(a)(1) provides,

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

2

"The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). The purpose of this rule is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "Therefore, courts have construed the rule liberally in favor of allowing impleader." *Universal Green Solutions, LLC v. VII Pac Shores Investors, LLC*, 2013 WL 5272917, at *2 (N.D. Cal. Sept. 18, 2013).

In exercising its discretion as to impleader, the court must "balance the desire to avoid a circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (internal quotation marks omitted). In determining whether to permit a third-party complaint, courts usually consider the following factors: 1) prejudice to the original plaintiff; 2) complication of issues at trial; 3) likelihood of trial delay; and 4) timeliness of the motion to implead. *Id.*

Although Square 1's opposition to the motion is not helpful in categorizing its objections to the motion, Square 1 appears to argue that the third-party complaint will "complicate" and "impede[]" its claims because Lo's proposed claims against ANI are barred by ANI's good faith settlement, and because the proposed indemnity claims against ANI are governed by an indemnity agreement that contains both a Delaware choice of law provision and a Delaware forum selection clause. (Dkt. No. 68 at 2-3.) As an initial matter, Lo does not actually allege his indemnity claims against ANI; those claims are alleged against Holdings and Artiman only. Even if Lo's proposed claims against ANI may be barred by the good faith settlement,[1] that issue is not yet before the Court. Further, only two of the six proposed claims are made against ANI, and Square 1 makes no

---

[1] California Code of Civil Procedure Section 877.6(c) provides that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."

3

argument as to why the good faith settlement would bar claims against parties other than ANI. Moreover, Square 1 fails to articulate how the filing of meritless claims would prejudice it; while the filing of meritless claims against ANI may be prejudicial to ANI, it is not prejudicial to Square 1. The Court is also not persuaded that either the choice of law or forum selection clause issues will complicate the case such that Square 1 will be prejudiced. Those legal determinations can be made well before trial, if at all, and do not involve Square 1's participation.

To the extent Lo has an actionable claim that belongs in this forum against the proposed third-party defendants, resolving all disputes arising from the defaulted loan in one litigation would "avoid a circuitry of actions" and inconsistent results. *Irwin*, 94 F. Supp. 2d at 1056. Further, even if Lo's motion is denied, Lo's defense in this case remains that he did nothing wrong because ANI authorized him to make the withdrawals from the company. That issue is at the center of both Square 1's claims against Lo and Lo's proposed claims against the third-party defendants; thus, it would be duplicative to separate those claims into different actions.

Finally, Square 1 argues that the motion should be denied because Lo should have filed his motion earlier. While the motion could certainly have been brought earlier—Lo provides no reason why it was not—the Court is not persuaded that this delay alone justifies denying the motion. As noted above, Square 1 identifies no prejudice to it if the third-party complaint is allowed, and judicial efficiency favors granting the motion.

The motion to file a third-party complaint is accordingly GRANTED.

## CONCLUSION

For the reasons stated above, Lo's motion to amend his answer and file a third-party complaint is GRANTED. As discussed at the hearing, in light of the parties' settlement efforts, Lo shall file his amended answer and third-party complaint by no later than 60 days from the date of this Order, and Lo shall serve the new complaint on the third-party defendants by no later than 80 days from the date of this Order. Finally, the parties, including any new parties, shall appear for a Case Management Conference on August 7, 2014 at 1:30 p.m.

//

//

**IT IS SO ORDERED.**

Dated: March 20, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge