UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SQUARE 1 BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY LO,<br><br>    Defendant. | Case No. 12-cv-05595-JSC<br><br>**ORDER RE: MOTION TO STAY PENDING RESOLUTION OF CRIMINAL PROCEEDING**<br><br>Re: Dkt. No. 99 |

Defendant Henry Lo is the defendant and cross-claimant in the instant civil action initiated by Plaintiff Square 1 Bank and is the defendant in a related criminal proceeding, both related to his role in a scheme to defraud his company of funds that led to Plaintiff's loss of income. In this civil action, the parties have been engaged in mediation efforts, and though they have exchanged initial disclosures, formal discovery has not yet begun. (*See* Dkt. No. 97 at 6.). In the criminal proceeding, Lo recently entered a guilty plea and is set for sentencing on February 26, 2015. *See United States v. Lo*, No. 3:14-cr-00442-WHO-1, Dkt. No. 17. Lo now moves to stay the civil proceeding pending resolution of his criminal case. (Dkt. No. 99.) Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. Having carefully considered the parties' arguments and the relevant legal authorities, the Court GRANTS Defendant's motion to stay discovery in this civil matter pending sentencing in the related criminal case.

**DISCUSSION**

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of related criminal proceedings. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved,

such parallel [or related] proceedings are unobjectionable[.]" *SEC v. Dresser Inds., Inc.*, 628 F.2d 368, 1374 (D.C. Cir. 1980). Nonetheless, courts may exercise discretion to stay civil proceedings when the interest of justice so requires. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

In determining whether to stay civil proceedings in the face of a related criminal action, courts consider "the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902. Courts first must consider "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating*, 45 F.3d at 324 (citation omitted). In addition, courts consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation."

*Id.* at 325.

## I.     Implication of Lo's Fifth Amendment Privilege

Lo's motion to stay turns primarily on the extent to which his Fifth Amendment rights are implicated in this civil action. "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. As a result, "while the extent to which a defendant's Fifth Amendment rights are implicated is a significant factor to be considered, it is only one consideration to be weighed against others." *SEC v. Alexander*, No. 10-CV-4535, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010) (internal quotation marks and citation omitted); *see also Keating*, 45 F.3d at 326. "When simultaneous civil and criminal proceedings involve the same or closely related facts, the Fifth Amendment concerns may be sufficient to warrant a stay." *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010) (internal quotation marks and citation omitted). "[T]he strongest case for deferral of proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend

2

a civil or administrative action involving the same matter." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). In such cases, there is a concern that allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege against self-incrimination, result in discovery beyond the scope of what the Federal Rules of Criminal Procedure allow, expose the defense strategy, or otherwise cause prejudice. *Id.* at 1376. Thus, where civil and criminal proceedings "wholly or substantially overlap[ ] . . . a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures." *Alexander*, 2010 WL 5388000, at *3 (citation omitted).

    Here, there appears to be no dispute that both actions implicate the "same nucleus of facts" pertaining to Lo's use of his former company's funds; as a result, Lo's Fifth Amendment rights may well be at risk if he fulfills his civil discovery obligations while the criminal proceeding is pending. *See McCormick*, 2010 WL 934242, at *2. Specifically, at this point of both proceedings it is possible that any information that Lo produces to fulfill his civil discovery obligations—in particular, requests for admissions and deposition testimony—may be used against him in his criminal case in the context of sentencing. Of course, Lo has already entered a guilty plea in the criminal matter, so the risk that the civil proceeding will disclose a defense strategy to be used at trial is not implicated here. *Cf. Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum*, No. 2:09-cv-954 FCD, EFB, 2009 WL 2136986, at *6 (C.D. Cal. July 15, 2009) (imposing a six-month stay in a civil case because discovery could "expose defendants' strategy or theories with respect to the criminal case"). And while an action brought by a private plaintiff, as here, presents less of a risk of prejudice to a defendant than if the government were involved in both cases, the risk of potential collaboration between the private plaintiff in this civil action and the government in the criminal action remains. *See eBay, Inc. v. Digital Point Solutions, Inc.*, No. C-08-4052 (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010). Although these factors lessen the risk to Lo, the government still could use deposition testimony or other documents adduced in this civil case at Defendant's criminal sentencing in a variety of ways—*e.g.*, to request a sentencing enhancement, to argue that the higher end of the guidelines range is appropriate, or to advocate for consecutive sentences for each of Defendant's charges. Thus, given the pending sentencing in a

related matter stemming from the same facts as this case, the Court concludes that Lo's Fifth Amendment privileges are implicated.

      While conceding that the two cases require testimony regarding similar issues that might ordinarily implicate a defendant's Fifth Amendment rights, Plaintiff argues that discovery—and all related matters—in this civil action should continue for two main reasons: first, because there is no more Fifth Amendment risk of self-incrimination given that Lo has already entered a guilty plea in the related criminal matter; and second, because Lo waived any such right by submitting a declaration in support of his opposition to Plaintiff's application for attachment in this case.

      Plaintiff's first argument is without merit. It is well established that an individual's Fifth Amendment privilege against self-incrimination does not expire upon entry of a guilty plea or guilty verdict, but rather extends through sentencing. *Mitchell v. United States*, 526 U.S. 314, 324 (1999); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 9 (D. Conn. 2002) ("[T]he Fifth Amendment privilege applies through sentencing."). Indeed, calling the predicament a "Hobson's choice," courts have stayed discovery where a civil defendant has already pleaded guilty to a criminal indictment and awaits sentencing on the grounds that "[i]f the defendants zealously litigate the civil case and provide discovery, the government may use the information to the defendants' detriment at sentencing." *Bridgeport Harbour Place I*, 269 F. Supp. 2d at 9. However, rather than there being a bright line rule about whether to impose a stay because the defendant's Fifth Amendment rights are actually implicated, it is clear that such decisions are left to the court's discretion depending on the facts of the particular case. *See Molinaro*, 889 F.2d at 902 (noting that the determination of whether to impose a stay is a fact-specific inquiry); *compare Bridgeport Harbour Place I*, 269 F. Supp. 2d at 9-10 (staying civil discovery pending sentencing), *with Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1496-1500 (S.D.N.Y. 1987) (declining to stay civil proceedings pending the defendant's sentencing in a related criminal case). Here, given the substantive overlap between the civil complaint and the criminal charges against Lo, the Court concludes that Defendant's Fifth Amendment rights are implicated and that this factor supports a stay.

      Plaintiff insists that a stay is not warranted because even if Lo had a Fifth Amendment

4

right against self-incrimination during the pendency of this case, he waived that right by filing a sworn declaration in support of his opposition to Plaintiff's motion for a writ attachment. But Plaintiff does not cite to any case in this District in which the court actually found a waiver under such circumstances. To the contrary, the Ninth Circuit has made clear that a statement submitted in one aspect of proceedings does not waive the right to refuse to give potentially self-incriminating testimony in later stages of the same proceedings. *United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978) ("A waiver of the Fifth Amendment privilege at one stage of a proceeding is not a waiver of that right for other stages."); *see, e.g.*, *Universal Trading & Inv. Co. v. Kiritchenko*, No. C-99-3073 MMC (EDL), 2006 WL 3798157, at *4 (N.D. Cal. Dec. 22, 2006) (citations omitted). Thus, while Lo may well have waived his Fifth Amendment privilege in the context of his challenge to Plaintiff's attachment motion, that does not implicate a blanket waiver for the purposes of discovery.

Indeed, when a defendant seeks to assert his Fifth Amendment privilege against self-incrimination after he has already made some statement earlier in the context of litigation, courts in this District tend to focus on the scope of the defendant's initial statements, finding a waiver where the defendant has engaged in substantial discovery but no waiver where the defendant has not. *See, e.g.*, *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 897 (N.D. Cal. 2010); *Jones v. Conte*, No. C 045312SI, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005). For example, in *Multiven* the court denied the plaintiff/counter-defendant's motion to stay civil case until parallel criminal proceedings against him were resolved. The court focused on the "extensive" nature of the counter-defendant's testimony in the civil matter, which included fourteen hours of deposition testimony and the submission of multiple declarations in support of the parties' cross-motions for summary judgment. 725 F. Supp. 2d at 897. Although declining to decide whether the counter-defendant's testimony actually effected a waiver of his Fifth Amendment rights, based on the "extensive" nature of that testimony, the *Multiven* court concluded that "continuing the [civil] litigation will only minimally implicate [the counter-defendant's] Fifth Amendment rights[.]" *Id.* (citation omitted); *see also FTC v. JK Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1199 (C.D. Cal. 2000) ("Where a defendant already has provided deposition testimony on substantive issues of the civil

5

case, any burden on that defendant's Fifth Amendment privilege is 'negligible.'"). By contrast, in *Jones v. Conte*, the court granted the defendant's request for a stay of civil proceedings pending resolution of a related criminal case given that the only statements the defendant had made with respect to the civil matter were public statements, not "deposition testimony or sworn statements in [a] proceeding[.]" 2005 WL 1287017, at *1 (internal quotation marks omitted). This case falls somewhere in the middle.

Here, Lo submitted a declaration in support of his opposition to Plaintiff's application for attachment of his assets. (Dkt. No. 42.) To be sure, the declaration contains a variety of statements regarding his access and entitlement to and use of ANI funds—*i.e.*, matters at the heart of the instant action and the related criminal case. Defendant signed the declaration and swore to its accuracy. Notably, Lo submitted this declaration in November of 2013—a full nine months before he was indicted in the criminal matter, therefore without necessarily realizing the threat of self-incrimination. (*Compare* Dkt. No 42 *with United States v. Lo*, No. d:14-cr-00442-WHO, Dkt. No. 1.) In this case, he has not yet engaged in substantial discovery and has provided no deposition testimony. Under the circumstances presented, the Court concludes that Lo's submission of an affidavit challenging attachment of his assets did not waive his Fifth Amendment privilege against self-incrimination.

Plaintiff's argument to the contrary is unpersuasive. Plaintiff contends that courts from outside this District have found that "when a criminal defendant submits an affidavit or declaration in a civil action, he [ ] waives the Fifth Amendment privilege." (Dkt. No. 102 at 8 (citations omitted).) But each of the cases Plaintiff cites is inapposite. For example, *SEC v. Merrill Scott & Assocs., Ltd.*, 505 F. Supp. 2d 193 (D. Utah 2007), had nothing to do with a stay pending resolution of criminal proceedings. Rather, in the context of a civil forfeiture action, the court *rejected* the defendant's attempt to waive his Fifth Amendment privilege based on admissions in sworn discovery responses, finding such a late-in-the-game waiver, which would require the court to reopen discovery a year after the defendant had asserted the privilege during his deposition, was an unfair litigation tactic meant to adduce one-sided discovery on a particular issue. *Id.* at 1207-08. Such is plainly not the case here, where Lo is seeking to stay discovery briefly to avoid

making statements in the first instance. Likewise, *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02 Civ. 8993 LAK, 2003 WL 21285539, at *1 (S.D.N.Y. June 4, 2003), also did not concern a stay pending resolution of related criminal proceedings—in fact, there were no pending criminal charges at all. In that case, the court declined to reconsider its earlier ruling that the defendant's submission of a sworn affidavit during discovery in a civil matter waived his Fifth Amendment rights with respect to the limited subject matter of that affidavit. *See OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 310 (S.D.N.Y. 2003). The Court found that the defendant could be compelled to answer certain deposition questions on the limited topic discussed in his affidavit. *Id.* Unlike the defendant in *OSRecovery*, Lo has not proceeded through discovery, answering some questions yet asserting his Fifth Amendment rights over others. To the contrary, Lo is merely attempting to forestall any testimony until the close of his criminal case.

At bottom, under the circumstances presented, the Court concludes that Lo's Fifth Amendment privilege is implicated based on his upcoming sentencing hearing and has not been waived solely on the basis of his earlier attachment-related affidavit. Thus, this factor weighs in favor of a stay of discovery in this civil matter pending resolution—that is, sentencing—against Lo in the related criminal case.

## II.  Other *Keating* Factors

The extent to which the pending civil action implicates the defendant's Fifth Amendment privilege is "a significant factor," but is not on its own dispositive. As noted previously, courts also must consider (1) the interests of the plaintiff in proceeding and the potential prejudice caused by a delay; (2) the burden that proceeding may place on defendants; (3) the convenience of the court in managing its case load; (4) the interests of third parties; and (5) the interest of the public in the pending civil and criminal proceedings. *Keating*, 45 F.3d at 325-26. The court's inquiry into the remaining *Keating* factors is "fact-specific," and the court retains discretion to treat and weigh the factors as it sees fit under the circumstances. *See McCormick*, 2010 WL 934242, at *3. Lo seeks to stay this action until the end of February—just over two months from the date of this order—until he is sentenced in the criminal matter. The remaining *Keating* factors, on balance, also support such a limited stay in this matter.

7

### A. Plaintiff's Interest and Defendant's Burden

First, Plaintiff contends that any stay of this matter will cause Plaintiff to suffer prejudice. Certainly, Plaintiff has an interest in proceeding expeditiously with this litigation, which it commenced nearly two years before Lo was indicted in the related criminal matter. However, for a variety of reasons the parties have not made much headway in this case since that time; there have been amendments to the complaint and answer, the defendant has filed a third-party complaint, and the parties have all been engaged in mediation. There is no scheduling order yet issued in this case and, accordingly, there are neither formal deadlines governing discovery nor a trial date set. Although any delay will nominally impede Plaintiff's ability to timely pursue relief against Defendant, given the history of this case it is difficult to imagine how a minimal two-month delay will actually prejudice Plaintiff. This is particular true where, as here, the stay will last for a finite period of time. *See McCormick*, 2010 WL 934242, at *3.

With respect to the burden to Defendant, Lo reiterates the risk that "any admissions [he makes] prior to sentencing may be used against him in determining the nature and extent of his penalty[.]" (Dkt. No. 103 at 3.) As described above, the Court concludes that Lo's Fifth Amendment privilege would be implicated by discovery in this matter, which weighs in favor of a stay.

### B. Convenience of the Court

Next, the convenience of the court in the management of its cases and efficient use of judicial resources support a limited stay. "[E]xpeditious resolution of cases is, as a general matter, preferable to delay of the Court's docket." *Alexander*, 2010 WL 5388000, at *5. However, a number of courts have concluded that staying a related civil proceeding in its early stages "may prove more efficient in the long run" in part because the "stay will allow civil discovery to proceed unobstructed by concerns regarding self-incrimination." *Id.* (internal quotation marks and citation omitted). For example, in *Alexander* the court stayed civil proceedings given a parallel criminal case where no answer had been filed, no scheduling order had been issued, and no dispositive motions had been filed. *Id.* Although Defendant has answered in this case, the third-party defendants have not yet answered, and circumstances similar to *Alexander* warrant a stay: if

the parties move forward with full discovery prior to Defendant's sentencing in the criminal matter, in all likelihood Lo will object to the lion's share of questioning at his deposition, requests for admission and the like, which will require the parties to bring question-by-question challenges to the Court's attention for resolution. Instead, staying the entire deposition until after sentencing will avoid such objections altogether. Other courts in this District have opted to stay discovery in civil proceedings in their entirety under similar circumstances in which the criminal case was likely to resolve quickly. *See, e.g.*, *Alexander*, 2010 WL 5388000, at *5; *McCormick*, 2010 WL 934242, at *3 ("Given the proximity of the trial date in the criminal case, there is little to be gained from a situation in which the Court likely would be called upon to determine what types of discovery do and do not fall within the bounds of a partial stay."). This is especially so where, as here, Defendant is not requesting an indefinite stay that might prevent the court and parties from resolving this civil matter; rather, the two-month delay requested will have only a negligible effect on this civil case. Thus, this factor weighs in favor of a stay, as well.

### C. Interests of Third Parties and the Public

Plaintiff does not point to any third party or public interest factors that support moving ahead with this private civil matter pending resolution of the criminal case. Lo, on the other hand, notes the well-established principle that the "public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." (Dkt. No. 100 at 8 (quoting *Douglas v. United States*, No. C 03-04518 JW, 2006 WL 2038375, at * 6 (N.D. Cal. July 17, 2006)).) Indeed, courts have reasoned that where there are parallel criminal and civil proceedings, "the *criminal* case is of primary importance to the public," whereas the civil case, which will result only in monetary damages, "is not of an equally pressing nature." *Alexander*, 2010 WL 5388000 at *6 (citations omitted). Thus, this factor, too, supports Lo's request for a stay of civil proceedings until the criminal case against him is fully resolved.

### D. Balancing of Interests

A majority of the *Keating* factors weigh in favor of a stay in this case: providing testimony, admissions, or other evidence in this civil matter that can be used against him at sentencing in a related criminal matter certainly implicates Lo's Fifth Amendment rights. The

9

minimal harm that a two-month delay will cause Plaintiff pales in comparison to the prejudice that Lo may suffer if he is forced to implicate himself, given the possible sentences he faces in the criminal matter. A short stay until the resolution of the criminal case against Lo also serves the interests of judicial efficiency and of the public. In light of these factors, the Court concludes that a stay is warranted and therefore GRANTS Defendant's motion to stay this case pending sentencing in the related criminal matter.

## CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to stay discovery in this case pending Defendant's February 26, 2015 sentencing in the related criminal case or until further order by the Court. While Defendant need not produce discovery while this brief stay is in effect, the parties can—and Defendant must, if requested—agree to later discovery dates in the interim, for example, setting the date of Defendant's deposition and scheduling deadlines for responses to requests for admissions and the like. Similarly, Plaintiffs may serve discovery on Defendant during the stay, and Defendant may prepare his responses to those requests; however, he is under no obligation to produce his responses until after February 26, 2015. Such a procedure mitigates the prejudice to Plaintiff from the delay while still fully protecting Defendant's Fifth Amendment rights.

In light of this decision, the hearing date on the instant motion is VACATED, and the case management conference is RESCHEDULED for March 19, 2015 at 1:30 p.m. This Order disposes of Docket No. 99.

**IT IS SO ORDERED**.

Dated: December 17, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge